## UNION TRUST CO. *v.* GRANT.

MORTGAGES—FORECLOSURE—DEFAULT—PAYMENT OF TAXES—CON-
STRUCTION.

> A mortgage stipulated that the mortgagor should pay the taxes within 40 days after they became due and payable, and procure insurance, and that in default thereof the mortgagee might pay such charges and have a lien on the mortgaged premises therefor; it was further agreed that if the mortgagor should make default in the payment of principal, interest, taxes, or insurance premiums, and the same should remain unpaid for 30 days, the mortgagee might declare the whole sum due and payable. *Held,* that foreclosure proceedings, based on default in the payment of taxes, could not be brought until 30 days after the mortgagee had paid them, and that a bill merely alleging nonpayment by the mortgagor was insufficient.

Appeal from Wayne; Rohnert, J. Submitted April 17, 1907. (Docket No. 30.) Decided May 18, 1907.

Bill by the Union Trust Company against Mary Grant and others to foreclose a mortgage. From a decree for complainant, defendants appeal. Reversed, and remanded with leave to amend bill.

*Hobart B. Hoyt* (*Russel, Campbell, Bulkley & Ledyard,* of counsel), for complainant.

*Fred A. Baker,* for defendants.

MONTGOMERY, J. This is an appeal from a decree of foreclosure. The meritorious question raised is whether, under the averments of the bill of complaint, the mortgagee was entitled to declare the principal sum of the mortgage due at the expiration of 30 days from the time when the taxes upon the mortgaged land became due the tax collector, or whether his right arose 30 days after the

mortgagee should have paid the tax and the same became due and payable to him.

The averments of the bill stating the conditions of the mortgage are here stated at length:

"That in and by said mortgage it was expressly agreed between the parties thereto that the said mortgagors, within 40 days after the same became due and payable, would pay all taxes and assessments which should be levied upon the said lands or upon or on account of said mortgage or the indebtedness secured thereby, or upon the interest or estate in said lands created or represented by said mortgage, or by said indebtedness, whether levied against the said mortgagors, their legal representatives, or assigns, or otherwise, and said mortgagors thereby waived any and all claim or right against said mortgagee, its successors, or assigns to any payment or rebate on or, offset against the interest or principal of said mortgage debt by reason of the payment of any of the aforesaid taxes or assessments.

"That in and by said mortgage it was expressly agreed by and between the parties thereto that the said mortgagors would also keep all buildings erected and to be erected upon said lands insured against loss and damage by fire with insurers and to an amount approved by your orator as a further security to said mortgage debt, and would assign and deliver to your orator all insurance upon said property.

"That in and by said mortgage it was expressly agreed by and between the parties thereto that if said mortgagors should make default in the payment of any of the aforesaid taxes or assessments, or in procuring and maintaining insurance, as therein covenanted, your orator, its successors, or assigns might pay such taxes and effect such insurance, and that the sums so paid should be a further lien on said premises under this mortgage, payable forthwith, with interest at the rate of 7 per cent. per annum.

"That in and by said mortgage it was expressly agreed by and between the parties thereto that if said mortgagors should make default in the payment of said principal or interest or taxes, or insurance premiums, or any part thereof, when the same became payable, as therein provided, and should the same, or any part thereof, remain unpaid for the period of 30 days, then the aforesaid prin-

cipal sum of sixty-eight hundred dollars ($6,800), with all arrearages of interest, taxes, and insurance premiums, should, at the option of your orator, its successors, and assigns, become payable immediately thereafter, although the period above limited for the payment thereof should not then have expired, anything in said mortgage contained to the contrary thereof in anywise notwithstanding."

The averment of default is as follows:

"That default has been made in the terms of said mortgage by reason of the failure of said mortgagors, their personal representatives, heirs or assigns to pay the Detroit city taxes on said mortgaged property for the year 1905, and the Michigan State and Wayne county taxes on said property for the year 1905, within the time limited therefor by the terms of said mortgage, and that said taxes still remain a lien against said mortgaged property, although the same long since became due according to the tenor and effect of said indenture of mortgage, and therefore your orator elects to declare the aforesaid principal sum, with all arrearages of interest, taxes, and insurance premiums, immediately payable."

It will be noted that there is no averment that the mortgagee has paid the tax; but, on the contrary, it is averred that they still remain a lien on the land.

We think the proper construction of this mortgage is that contended for by the appellant. The mortgagor covenants to pay the taxes within 40 days after they become due (to the tax collector). If he makes default, the mortgagee may pay the same, and in that case the sum so paid becomes a further lien on the premises and payable forthwith (to the mortgagee) with interest, etc. If the principal, interest, or taxes, or insurance premiums, are not paid when the same become payable as in the mortgage provided, and remain unpaid for 30 days, then the option is given to declare the whole sum due. The expression " when the same become payable " is susceptible of two constructions, the one (as it relates to taxes) when payable to the tax collector, the other when payable to the mortgagee, as in the mortgage provided, to wit,

forthwith, after payment by the mortgagee, as by the mortgage authorized. In view of the context, this is the more reasonable construction. In clause 9 the taxes are grouped with the principal and interest which are payable to the mortgagee, leading to the inference that payment to the mortgagee is what is meant by this clause. A more persuasive and controlling consideration, however, is that it is clear that the mortgage contemplates that the mortgagor shall have 40 days after the tax becomes due within which to make payment; and yet, if the complainant's construction be adopted, the mortgagee may, while this very time is running, declare the whole mortgage due and payable at once, and begin foreclosure, not for the tax (for the mortgagee is not yet authorized to pay it and add it to his lien), but for the principal sum not yet due. This construction ought not to be adopted when another more consonant with justice is open.

The decree is reversed, and the case remanded, with leave to complainant to amend its bill if it shall be so advised. Defendants will recover costs of this court and of the court below up to this date.

McALVAY, C. J., and OSTRANDER, HOOKER, and MOORE, JJ., concurred.